Kevin Hughey, SBN  197323
Christopher J. Moenig, SBN 267286
Jarred Lieber, SBN 251656
HUGHEY AND MOENIG, LLP
520 9th Street, Suite 102
Sacramento, California  95814
Telephone: 916.596.0003
Facsimile: 916.596.0003
E-Mail: khughey@hugheymoenig.com
         jlieber@hugheymoenig.com

Attorneys for Plaintiff
American Furniture Warehouse Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN FURNITURE WAREHOUSE CORPORATION, dba AMERICAN FURNITURE GALLERIES,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FURNITURE, DUNG-THI LE, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, UNFAIR AND UNLAWFUL BUSINESS PRACTICES, UNJUST ENRICHMENT, AND INJURY TO BUSINESS REPUTATION** |

Plaintiff American Furniture Warehouse Corporation hereby alleges as follows:

**THE PARTIES**

1.     Plaintiff American Furniture Warehouse Corporation is an active California corporation with its principal place of business at 2336 Auburn Boulevard, Sacramento, California.  American Furniture Warehouse Corporation is the owner of, and since 1992 has been doing business in California under, the trademark and trade name "American Furniture Galleries."

///

///

///

– 1 –
COMPLAINT

2. At all times relevant herein, under the mark and name "American Furniture Galleries" plaintiff has operated and been engaged exclusively in the retail furniture sales industry.

3. Defendant American Furniture, business form unknown, is a furniture store open to the public and operating as "American Furniture" located at 1165 Colusa Avenue, Suite C, Yuba City, California.

4. Plaintiff is informed and believes and thereon alleges that defendant Dung-Thi Le is a California resident and owns and operates defendant American Furniture.

5. Plaintiff is informed and believes and thereon alleges that defendants operate and are engaged exclusively in the retail furniture sales industry.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 though 20, inclusive, and therefore, sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously named defendants is in some manner responsible for the acts and events alleged herein, and that plaintiff's damages and other relief sought herein were proximately caused by their conduct. Each reference in this complaint to "defendants" also refers to all defendants sued under fictitious names.

7. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned defendants were the agents, employees, partners, principals, representatives, alter egos and/or affiliates of each of the remaining defendants and were, at all times herein mentioned, acting within the course and scope of such relationship, unless otherwise alleged. Moreover, at all times herein mentioned, each of the defendants did confirm, consent to, affirm, direct, authorize, acknowledge, and ratify the acts of each and every of the defendants herein as to each of the acts hereinafter alleged.

## JURISDICTION AND VENUE

8. This is a complaint for trademark infringement, false designation of origin, trademark dilution, unfair and unlawful business practices, unjust enrichment and injury to

business reputation.  The Court has original jurisdiction under 15 U.S.C. sections 1121 and 1125 and 28 U.S.C. sections 1331, 1332 and 1338, as well as 28 U.S.C. section 1367.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. sections 1338 and 1367.

9.  Venue is proper in the Eastern District of California pursuant to 28 U.S.C. section 1391, *et seq*.  Defendants' infringing and tortious activities are taking place within the Eastern District, on information and belief plaintiff alleges defendants reside within the Eastern District, and the injuries to plaintiff have and are occurring within the Eastern District.

**PERTINENT FACTUAL ALLEGATIONS**

10.  Since 1992, plaintiff has adopted and been doing business in the Sacramento metropolitan area and surrounding region exclusively under the name "American Furniture Galleries."  Plaintiff is the common law owner of the "American Furniture Galleries" trademark and trade name.

11.  Plaintiff and its stores operate in an industry-superior manner and offer premium furniture products and services.  Plaintiff currently has four retail locations throughout the Sacramento region: Elk Grove, Rocklin, Rancho Cordova and Sacramento, and plaintiff owns and maintains the domain and website http://www.americanfurnituregalleries.net.

12.  For twenty years plaintiff has and continues to expend considerable financial and other resources promoting and advertising its "American Furniture Galleries" name and mark, and as a result plaintiff's name, mark and brand have become famous with the relevant consumer and purchasing public and is recognized as identifying plaintiff's high-quality goods and services.  The "American Furniture Galleries" name and mark and goodwill associated therewith are valuable assets to plaintiff.

13.  Solano County public records show that in 2009 the name "American Furniture" was registered to defendant Dung-Thi Le.  Plaintiff is informed and believes and thereon alleges that Alan Tran and Kevin Tran own and operate the retail furniture store located at 1165 Colusa Avenue, Suite C, Yuba City, California.  Defendants maintain a website located at http://americanfurnitureyubacity.com.

14. During early 2012, plaintiff was informed by prospective, current or former customers that the customers were informed or otherwise understood its American Furniture Galleries stores are somehow affiliated or jointly owned and operated with defendant American Furniture and that those customers had negative or adverse experiences with American Furniture's inferior products and services. Plaintiff believes defendants' use of the confusingly similar name or mark leads prospective, current or former consumers to believe that plaintiff owns and operates one inferior store, which reflects poorly on plaintiff's reputation, brand, goodwill, other stores and operations as a whole. Plaintiff also believes that defendants' use of the confusingly similar name or mark has caused and continues to cause plaintiff lost sales and sales opportunities.

15. Plaintiff is not, in fact, in any way affiliated with defendants and has discovered defendants use of the "American Furniture" mark or name and that "American Furniture" is confusingly similar to plaintiff's "American Furniture Galleries" mark and name. Plaintiff has not licensed or otherwise consented to use of its name or mark, or any similar name or mark. On September 24, 2012, plaintiff sent defendants via certified mail a cease and desist letter demanding that defendants cease using the confusingly similar name or mark and defendants have willfully and maliciously refused to cease using the name or mark.

16. Plaintiff is informed and believes and thereon alleges that defendants use the confusingly similar "American Furniture" name or mark with actual knowledge of plaintiff's use and ownership of its "American Furniture Galleries" name and mark and that defendants do so with the intent and desire to confuse consumers and others in the retail furniture sales industry and in conscious disregard of plaintiff's rights.

## CAUSES OF ACTION

### First Cause of Action – Trademark Infringement

17. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

18. Defendants' use of the "American Furniture" name and mark, which is confusingly similar to plaintiff's "American Furniture Galleries" name and mark, has caused

and is likely to continue causing confusion and mistake. Defendants' use of the infringing name and mark deceives and is likely to deceive consumers and purchasers into believing that defendants' goods and services are sponsored by or in some way affiliated with plaintiff and therefore constitute trademark infringement.

19. Plaintiff has and continues to be damaged in a manner that cannot be fully measured or compensated in monetary terms and for which there is no adequate remedy at law. Defendants' actions have and continue to damage plaintiff's rights, brand, reputation and goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

20. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

**Second Cause of Action – False Designation of Origin**

21. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

22. Defendants' use of the infringing name and mark constitutes false designation of origin, false or misleading description, and false or misleading representation. Defendants' unauthorized use has caused and continues to cause confusion, mistake, or deception of others as to the perceived connection or affiliation between defendants and plaintiff. Defendants' unauthorized use of the infringing name and mark has caused and continues to cause confusion, mistake, or deception of others as to the origin, sponsorship or approval of the goods and services of defendants to those of plaintiff's.

23. Such false designation, description or representation constitutes unfair competition and is an infringement of plaintiff's rights.

24. Defendants knew or should have known of plaintiff's rights and therefore defendants' false description, false representation and false designation of origin were knowing, willful and deliberate.

25. Plaintiff has and continues to be damaged in a manner that cannot be fully

measured or compensated in monetary terms and for which there is no adequate remedy at law. Defendants' actions have and continue to damage plaintiff's rights, brand, reputation and goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

26. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### Third Cause of Action – Trademark Dilution

27. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

28. As a result of plaintiff's more than twenty years of use and promotion of the "American Furniture Galleries" name and mark for furniture products and services, the name and mark have become famous in the California Central Valley region and elsewhere. Plaintiff's sales and promotion of its products and services under the "American Furniture Galleries" name and mark have been substantial and extensive.

29. Defendants' unauthorized use of the confusingly similar "American Furniture" name and mark constitutes a commercial use in commerce and dilutes the distinctive brand, quality and reputation of plaintiff's "American Furniture Galleries" name and mark.

30. Defendants willfully intended to trade on and unjustly profit from plaintiff's brand, quality and reputation and to cause dilution of plaintiff's name and mark.

31. Plaintiff has and continues to be damaged in a manner that cannot be fully measured or compensated in monetary terms and for which there is no adequate remedy at law. Defendants' actions have and continue to damage plaintiff's rights, brand, reputation and goodwill and such irreparable harm will continue unless defendants' acts are restrained or enjoined.

32. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### Fourth Cause of Action – Unlawful or Unfair Business Practices

33. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

34. Defendants committed the above-described unlawful, unfair and fraudulent acts, including, not limited to, infringing plaintiff's trademark rights and misappropriating plaintiff's name and mark in violation of California Business and Professions Code section 17200, *et seq*.

35. Defendants' actions have caused and are likely to continue causing confusion or mistake among consumers and purchasers as to the origin or affiliation of defendants' products and services vis-à-vis those of plaintiff's.  The unlawful and unfair competition has caused and is likely to continue causing irreparable harm unless defendants' acts are restrained or enjoined.

36. Defendants' acts and omissions were and are unfair, unlawful and fraudulent.

37. As a direct and proximate cause of defendants' actions, defendants' have been unjustly enriched and plaintiff is entitled to restitution in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

### Fifth Cause of Action – Unjust Enrichment

38. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

39. As a result of defendants' infringement and other unlawful acts and omissions, defendants' have been wrongfully and unjustly enriched through use of confusingly similar name and misuse of plaintiff's brand, reputation and goodwill.

40. It would be inequitable for defendants to enjoy and benefit from their wrongful conduct and unjust enrichment.

41. As a direct and proximate cause of defendants' actions, defendants' have been unjustly enriched and plaintiff is entitled to restitution in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

///

///

**Sixth Cause of Action – Common Law Injury to Business Reputation**

42. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above.

43. Defendants' use of the confusingly similar name and mark has injured and creates a likelihood of further injury to plaintiff's business reputation in that consumers and purchasers encountering American Furniture's inferior products, services and brand have and are likely to continue believing that American Furniture is affiliated with or related to plaintiff American Furniture Galleries, and any adverse reaction by the public to defendants' products or services have and will continue to injure plaintiff's business reputation and the successful brand and goodwill plaintiff enjoys in connection with its name and mark.

44. As a direct and proximate cause of defendants' actions, plaintiff has been damaged in amounts to be proven at trial.

Wherefore, plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

1. Actual damages in amounts to be proven at trial;

2. Special and consequential damages in amounts to be proven at trial;

3. Restitution in amounts to be proven at trial;

4. Punitive damages in amounts sufficient to dissuade and prevent other such malicious, fraudulent, oppressive and criminal acts and omissions;

5. Statutory penalties for defendants' willful and malicious conduct;

6. Injunctive relief designed to prevent defendants from further use of its confusingly similar name, misuse and damage to plaintiff's brand, reputation and goodwill, and any additional consumer confusion and fraud;

///

///

///

///

7. Plaintiff's attorneys' fees and costs incurred herein; and

8. Such other relief as the Court may deem proper or appropriate.

Dated:  November 29, 2012                    HUGHEY MOENIG LLP


_____/s/_____
KEVIN HUGHEY
JARRED LIEBER
Attorneys for Plaintiff

COMPLAINT